UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
SEP 12 2013

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| VICTOR R. ZIEGLER, <br><br> Plaintiff, <br> vs. <br><br> KEN SALAZAR, SECRETARY DEPARTMENT OF INTERIOR; PAT RAGSDALE, GOV. Official; CARL RENVILLE, GOV. official, <br><br> Defendants. | CIV. 12-4042 <br><br> MEMORANDUM OPINION AND ORDER RE: MOTION TO DISMISS |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff Victor R. Ziegler filed a *pro se* Amended Complaint. In this Amended Complaint Plaintiff Victor Ziegler summarizes his claims as follows: "The plaintiff's claims and issues of his amended complaint civ12-4042 are contained in the EEOC Office of Federal Operations' Dismissal of Appeal No: 0120010155 dated Aug 8th 2011: and also in the EEOC Office of Federal Operations' Denial of Plaintiffs Request For Reconsideration No: 0520110701." Doc. 13. Defendants have moved to dismiss the Amended Complaint. Doc. 31. For the reasons set forth in this opinion, the motion to dismiss is granted.

### NATURE OF CLAIMS AND PROCEDURAL BACKGROUND

Plaintiff Ziegler claims that the Department of Interior/Bureau of Indian Affairs (Agency) breached its October 2008 settlement agreement with him by failing to compensate him for the release of his Age Discrimination in Employment Act (ADEA)/Older Worker's Benefit Protection Act (OWBPA) claims. Ziegler further contends that the waiver of his ADEA/OWBPA claims in the settlement agreement was not valid. Plaintiff Ziegler also appears to challenge the Equal Employment Opportunity Commission's (EEOC) decision of December 7, 2011, and the EEOC Office of Federal Operations' (OFO) decision of August 8, 2011, finding that he had not provided timely notice to the top EEO officer concerning his claim of breach of the settlement agreement.

Plaintiff Ziegler has an extensive history of litigation which began when he resigned from a

chief of police position with the BIA on March 31, 1999. This Court has had before it two prior cases involving Victor Ziegler: *Ziegler v. Norton, et al.*, 4:03-cv-04197, and *Ziegler v. Norton, et al.*, 4:04-cv-04098. This Court dismissed the first case and granted summary judgment for the Secretary of Interior in the second case. In *Ziegler v. Kempthorne*, 266 Fed.Appx. 505 (8th Cir. 2008), the Eighth Circuit reversed in part holding that res judicata did not preclude Ziegler's claim that the Secretary of the Interior violated the ADEA by constructively discharging him and failing to rehire him, inasmuch as such claims were not part of Ziegler's prior suit against the Secretary of Interior, which alleged age discrimination with regard to the decision not to select Ziegler for a criminal investigator position. The Eighth Circuit affirmed judgment against Ziegler in his actions brought under the Uniformed Services Employment and Reemployment Rights Act and the Veterans Employment Opportunities Act, and noted that further development of the record was necessary to determine timeliness of ADEA lawsuit. *Id.*

Ziegler had a hearing before the Merit Systems Protection Board on October 1, 2008, at the U.S. Attorney's Office in Sioux Falls, South Dakota. Ziegler, a law school graduate, represented himself at the hearing. At the culmination of this hearing, the parties engaged in settlement discussions and ultimately entered into a global settlement. The October 15, 2008 Settlement Agreement with the Department of Interior/Bureau of Indian Affairs states in paragraph 3 that the Agreement:

> will constitute a withdrawal with prejudice and release by Appellant of any and all formal or informal complaints and appeals including, but not limited to, claims for emotional pain and suffering, any and all claims known or unknown, appeals, charges, or grievances against the Agency, its officials, employees, or agents, in their personal or professional capacity, having arisen on or prior to the date of this Settlement Agreement.

Paragraph 6 of the Settlement Agreement provided that the Agency pay Ziegler for 80 hours of "regular pay" per pay period beginning effective April 1, 1999, to March 31, 2000, at an approximately hourly rate of $21.49 as GS-10/Step7 based on a computation of back pay under 5 C.F.R § 550.805. Paragraph 10 of the Settlement Agreement states that Ziegler understands and agrees that the United States Office of Personnel Management, not the Agency, is the final decision maker on all maters related to CSRS retirement.

Paragraph 23 of the Settlement Agreement states:

Appellant understands and agrees that if he believes the Agency has breached this

2

> Settlement Agreement and requests reinstatement of the above-captioned complaint ... then Appellant must return to the Agency within sixty (60) days therefrom any and all benefits he ... received as a result of the Agency's implementation of this Settlement Agreement.

Paragraph 25 of the Settlement Agreement states: "The Agency and [Ziegler] agree to enter this Settlement Agreement into the record of the proceeding before the MSPB so that the MSPB may enforce this Settlement Agreement." After the execution of the October 15, 2008 Settlement Agreement counsel for the Merit Systems Protection Board ( MSPB) declined to sign the agreement because of a concern that signing a stipulation for dismissal was not appropriate and could create a potential conflict of interest in any future enforcement action. The parties then signed a modification of the Settlement Agreement dated October 29, 2008.

On December 7, 2009, Ziegler filed a petition with the Merit Systems Protection Board before an administrative judge alleging that the Settlement Agreement had been breached. In that petition Ziegler contended the Agency was in breach of the settlement agreement because it had not included Administratively Uncontrollable Overtime in the calculation of his "high three" years of service and because the Agency did not pay interest on "the entire sum" called for in the Settlement Agreement. In a decision dated April 6, 2010, the administrative judge observed:

> [I]t appears that the parties are in agreement that the agency was obligated to pay interest on the one-year back pay period specified in Paragraph 6 and that it did so. [citation omitted] Under the plain language of the agreement [citation omitted] I can find no other provision which can fairly be read as calling for the payment of money by the agency, *i.e.*, the Department of the Interior, to the appellant, on which interest would be calculated.

2010 MSPB LEXIS 1613 at *7.

The administrative law Judge concluded that the Agency fulfilled its promise to pay back pay, with interest, from April 1, 1999, to March 31, 2000. The administrative judge also observed that it is the United States Office of Personnel Management, not the Department of the Interior which is responsible for the administration and payment of retirement benefits under the Civil Service Retirement System and that if Ziegler felt he had not received everything to which he was entitled in retirement annuity payments, he needed to address the problem with the United States Office of Personnel Management. 2010 MSPB LEXIS 1613 at *9-*10.

3

With regard to Ziegler's claim that Department of Interior had breached the Settlement Agreement by not including Administratively Uncontrollable Overtime, the administrative judge for the Merit Systems Protection Board found no provision of the Settlement Agreement addressing whether the Department of Interior would or would not compute Administratively Uncontrollable Overtime. The administrative judge thus concluded that Ziegler had not met the "extremely heavy burden" of showing that the settlement agreement was meant to encompass matters not expressly addressed in the Settlement Agreement and had therefore not established a breach regarding Administratively Uncontrollable Overtime. 2010 MSPB LEXIS 1613 at *12-*13. The administrative judge denied Ziegler's petition for enforcement on April 6, 2010, and advised him of his right to petition for Board review.

Ziegler then filed a petition for review with the Merit Systems Protection Board requesting reconsideration of the April 6, 2010 decision issued by the administrative judge. The petition was denied on December 8, 2010, as the Merit Systems Protection Board concluded there was no new, previously unavailable evidence and that the administrative judge made no error in law or regulation that affected the outcome of the case. The Merit Systems Protection Board advised Ziegler that the December 8, 2010 decision was the Board's final decision in this matter and of his right to review the final decision to the United States Court of Appeals for the Federal Circuit within 60 calendar days of receipt of the final decision. 2010 MSPB LEXIS 7235. The Attorney for the Department of Interior in the Merit Systems Protection Board action referenced above has submitted an affidavit in which she states that she was never served with a notice of appeal to the United States Court of Appeals for the Federal Circuit and is unaware of Ziegler filing any such appeal. Ziegler does not appear to claim that he timely appealed from the Merit Systems Protection Board denial of his request for reconsideration.

In early 2010, after the Agency was notified that Ziegler had resumed filing related actions in various forums, on subjects that the Agency contended fell within the scope of the Settlement Agreement and global waiver, the Agency counsel contacted Ziegler in writing and advised him that the Agency considered these filings to be a breach of the Settlement Agreement and that the Agency expected him to repay the money in accordance with paragraph 23 of the Settlement Agreement. The Department of the Interior on June 21, 2010, filed a petition for enforcement with the Merit Systems

4

Protection Board because the Merit Systems Protection Board retained jurisdiction over the Settlement Agreement.

The administrative judge granted the Agency petition for enforcement insofar as it sought a ruling that Ziegler had breached the Settlement Agreement but denied the petition for enforcement insofar as the Agency sought both rescission and enforcement. The administrative judge ruled that the Agency must elect one remedy or the other. Ziegler appealed the administrative law judge's decision to the Merit Systems Protection Board. The Merit Systems Protection Board in a decision dated June 28, 2011, denied the Department of the Interior's petition to enforce the settlement agreement finding that Ziegler did not breach the settlement agreement by challenging the validity of the provisions waiving his rights and claims under the ADEA. The Merit Systems Protection Board reasoned that an employee has the right to challenge the validity of an ADEA waiver agreement before the EEOC under 29 C.F.R. § 1625.23(b).

When the Merit Systems Protection Board issued its decision dated June 28, 2011, an appeal by Ziegler contending that he was entitled to interest and administratively uncontrollable overtime was pending before the EEOC. On August 8, 2011, the EEOC dismissed the appeal. The Commission stated that Ziegler had failed to notify the Agency's EEO Director about the breach allegation as he was required to do pursuant to 29 C.F.R. § 1614.504(b), rendering the appeal premature. Significantly, the Commission also stated that the matter was outside its jurisdiction since the Settlement Agreement provided that the Merit Systems Protection Board enforce the Settlement Agreement. Ziegler moved the EEOC to reconsider, but this request was denied on December 7, 2011. Ziegler was advised that there was no further right of administrative appeal and that he had the right to file a civil action in an appropriate United States District Court within 90 days of receipt of the decision. Ziegler filed this action on March 6, 2012.

Defendants answered and filed a motion to dismiss. The motion to dismiss contends that this action is barred by issue preclusion or claim preclusion. The motion to dismiss also contends that Ziegler has failed to articulate a waiver of sovereign immunity to bring a cause of action against Defendants Ragsdale and Renville.[1]

---

[1] Both parties raise a number of issues that the Court will not address because the doctrine of res judicata is dispositive of the motion to dismiss.

5

## WHETHER ZIEGLER'S BREACH OF SETTLEMENT AGREEMENT CLAIMS ARE BARRED BY RES JUDICATA?

*Motion to Dismiss*

Res judicata is an affirmative defense. " If an affirmative defense ... is apparent on the face of the complaint ... that [defense] can provide the basis for dismissal under Rule 12(b)(6)." *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 983 (8th Cir. 2008). The Eighth Circuit has implicitly endorsed the use of a motion to dismiss to raise res judicata. *See C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763-764 (8th Cir. 2012). In considering a motion to dismiss, this Court takes the factual allegations in the complaint as true and affords the non-moving party all reasonable inferences from those allegations. *Palmer v. Ill. Farmers Ins. Co.*, 666 F.3d 1081, 1083 (8th Cir. 2012). A district court reviewing a motion to dismiss for failure to state a claim may consider some public records, materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings in the case. *Minnesota Majority v. Mansky*, 708 F.3d 1051, 1056 (8th Cir. 2013).

*Res Judicata*

The doctrine of res judicata provides that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Under the doctrine of res judicata, also known as claim preclusion, a claim is precluded by a prior lawsuit when: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998). "[R]es judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. at 94.

A final decision from the Merit Systems Protection Board can be the basis of a res judicata determination. *See Ford-Clifton v. Dep't of Veterans Affairs*, 661 F.3d 655 (Fed. Cir. 2011); *Spears v. Merit Systems Protection Bd.*, 766 F.2d 520 (Fed. Cir. 1985). The petition Ziegler filed with the Merit Systems Protection Board on December 7, 2009, alleging the breach of the Settlement

6

Agreement with the Department of the Interior and Bureau of Indian Affairs resulted in a final decision on the merits of the claims raised in this action. The April 6, 2010 decision from the administrative judge became final when Ziegler did not appeal from the Merit Systems Protection Board's denial of his request for reconsideration of the April 6, 2010 decision and that final decision was rendered in a proper forum that was, in fact, agreed to by Ziegler in the Settlement Agreement. The numerous Department of Interior and Bureau of Indian Affairs officials named by Ziegler in the instant action are in privity with the Department of the Interior and Bureau of Indian Affairs. Based on these factors, Ziegler's action in this Court is precluded by res judicata and the motion to dismiss is granted on that basis. Accordingly,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Doc. 31) is granted.

Dated this 12th day of September, 2013.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
(SEAL)    DEPUTY

7