**FILED**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

OCT 28 2014

CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| VICTOR R. ZIEGLER, | * | |
| | * | CIV. 12-4042 |
| Plaintiff, | * | |
| vs. | * | AMENDED MEMORANDUM |
| | * | OPINION AND ORDER RE: |
| SALLY JEWELL, SECRETARY | * | MOTION TO DISMISS |
| DEPARTMENT OF INTERIOR, | * | FOR LACK OF JURISDICTION |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Defendants have moved to dismiss this case for lack of jurisdiction (Doc. 49), and Plaintiff Victor R. Ziegler has moved for alternative action (Doc. 56). A jurisdiction motion can be raised at any time so the motion has been considered. Defendants Ragsdale and Renville were dismissed without objection at the commencement of trial.

This case is properly before this Court. The present case does not concern the enforcement of a payment or some other condition of the Settlement Agreement entered into by Victor Ziegler and the Department of the Interior on October 15, 2008. Instead, this lawsuit, which was filed after the EEOC issued its right to sue letter on December 7, 2011, deals with the question of whether the Settlement Agreement is enforceable to dismiss two ADEA claims of Mr. Ziegler's.

One of those claims is *Ziegler II*, that being a claim "that defendant violated the ADEA by constructively discharging him in April, 1999 and failing to rehire him in June 1999." *Ziegler v. Kempthorne*, 266 Fed.Appx. 505 (8th Cir. 2008) (per curiam). That claim was dismissed with prejudice in paragraph 11 of the Settlement Agreement. A Stipulation for Dismissal with Prejudice in Civ. 04-4098 was signed by Victor Ziegler and Defendants' representatives on October 15, 2008, and a Judgment dismissing the case with prejudice was entered by this Court on November 10, 2008.

The other ADEA claim which was dismissed with prejudice in paragraph 12 of the Settlement Agreement is *Ziegler v. Merit System Protection Board*, Fed. Cir. No 2008-3161. That claim involved alleged involuntary resignation and constructive demotion. But the Modification of Settlement Agreement signed by Victor Ziegler on October 29, 2008 and others on October 27, 2008

and October 30, 2008 removed Paragraph 12 from the Settlement Agreement. (Defendant's Exhibit 101).

For purposes of the trial on October 28, 2014, the parties should be aware that as was pointed out by the Eighth Circuit in *Ziegler v. Kempthorne*:

> We note, however, that the district court record raises the question whether the instant lawsuit was timely filed: it is undisputed that the decision denying the underlying consolidated Equal Employment Opportunity complaint was issued in September 2003, and that the instant lawsuit was not filed until June 2004. See 29 C.F.R. § 1614.407(c) (federal sector complainant should file civil action in appropriate district court within 90 days of receipt of Commissioner's final decision on appeal). Further development of the record is necessary to determine timeliness.

*Ziegler v. Kempthorne.*

The parties should also be aware that under 29 U.S.C. § 626(f)(3), "the party asserting the validity of a waiver shall have the burden of proving in a court of competent jurisdiction that a waiver was knowing and voluntary pursuant to paragraph (1) or (2)."

The parties should also be aware that 29 U.S.C. § 626(f)(1)(F), (G) and (H) are not applicable to this case. However, the requirements of subparagraphs (A) through (E) of paragraph (1) of 29 U.S.C. § 626(f) must be met and it must also be shown that at a minimum Victor Ziegler was given a reasonable period of time within which to consider the terms of the Settlement Agreement. 29 U.S.C. § 626(f)(2). Accordingly,

> IT IS HEREBY ORDERED that Defendants' motion to dismiss for lack of jurisdiction (Doc. 49) is denied, and Plaintiff's motion for alternative action (Doc. 56) is denied.

Dated this ___ day of October, 2014.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____ Deputy

2