FILED
APR 21 2015
[signature] CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| VICTOR R. ZIEGLER, SR., | |
| Plaintiff, | CIV. 12-4042 |
| vs. | MEMORANDUM OPINION |
| | RE: COURT TRIAL |
| SALLY JEWELL, SECRETARY DEPARTMENT OF INTERIOR, | |
| Defendant. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The parties participated in a court trial on October 28 and 29, 2014. The trial was focused on the limited issue of whether the agency violated the statutory requirements of the Older Workers Benefit Protection Act when it bargained for and obtained Ziegler's Age Discrimination in Employment Act waiver in a global settlement of a variety of claims. After all of the evidence was submitted, both parties presented oral arguments to the Court. The Court then gave the parties the opportunity to submit any additional briefing by November 12, 2014. Both parties submitted post-trial briefs which have been considered by the Court. In accordance with Fed.R.Civ.P. 52(a) the Court issues this Memorandum Opinion.

PROCEDURAL BACKGROUND

Ziegler filed his Amended Complaint with this Court on May 16, 2012, Doc. 13. He sued the then Secretary of the Department of the Interior, Ken Salazar, former head of law enforcement for the Bureau of Indian Affairs (BIA), Pat Ragsdale, and BIA human resource expert, Carl Renville, all in their official capacities. *Id.* The Government filed its Motion to Dismiss on the issues of unpaid overtime and interest and its Answer to Ziegler's remaining claims on July 2, 2012. This Court issued a Memorandum Opinion and Order re: Motion to Dismiss that dismissed all of Ziegler's claims on September 12, 2013, Doc. 38.

Ziegler appealed the decision to the Eighth Circuit Court of Appeals on November 1, 2013, Doc. 40. On June 16, 2014, the Eighth Circuit issued its decision affirming the District Court's

dismissal of the overtime and interest issues and reversing and remanding the dismissal of Ziegler's claim that his Age Discrimination in Employment Act (ADEA) waiver was obtained in violation of 29 U.S.C. § 626(f). *Ziegler v. Salazar*, 560 Fed.Appx. 643, C.A.8 (S.D.), (NO. 13-3409) 560 Fed.Appx. 643, (8th Cir. June 16, 2014).

Plaintiff's history of litigation arising out of his employment with the Bureau of Indian Affairs (BIA), an agency of the Department of the Interior, includes 16 proceedings brought by Plaintiff. Ziegler's claims began when he resigned from a police position with the BIA on March 31, 1999. Ziegler resigned several months before he would have earned an entitlement to a law enforcement retirement. Ziegler then tried to rescind his resignation alleging duress, medical incapacity, and claiming that several higher level BIA law enforcement officials were discriminating against him, along with other older police officers on the basis of age, veteran status, and other protected categories. From 1999 to 2008, Ziegler filed appeals and suits resulting in various proceedings before the Equal Employment Opportunity Commission (EEOC), the Office of Federal Operations (EEOC's appellate arm), the Federal Circuit, the United States District Court for the District of South Dakota, the United States Court of Appeals for the Eighth Circuit, and several actions before the Merit Systems Protection Board (MSPB).

Ziegler had a hearing before the MSPB on his veteran's preference claims on October 15, 2008, at the U.S. Attorney's Office in Sioux Falls, South Dakota. The BIA was represented by attorney Sharon Pudwill. Ziegler represented himself. After Ziegler rested his case and before the defense presented evidence, the parties undertook settlement discussions and later that afternoon the parties entered into a settlement agreement identical to what the BIA had offered Ziegler on July 21, 2008. The parties signed a modification of the settlement agreement with Mr. Ziegler signing the modification on October 29, 2008 which removed from the list of cases and claims settled a case that had been dismissed by the Court of Appeals for the Federal Circuit on October 14, 2008. The parties were not aware of that dismissal when the Settlement Agreement was entered into on October 15, 2008.

The question before this Court is whether the Settlement Agreement which contained among other things an ADEA waiver was obtained in violation of the applicable provisions of 29 U.S.C. § 626(f). 29 U.S.C. § 626(f)(1)(F), (G) and (H) are not applicable. Paragraphs (A) through (E) of

29 U.S.C. § 626 (f)(1) must be met, and 29 U.S.C. § 626 (f)(2) must also be met. In addition, 29 U.S.C. § 626 (f)(3) is applicable which provides that "the party asserting the validity of a waiver shall have the burden of proving in a court of competent jurisdiction that a waiver was knowing and voluntary pursuant to paragraph (1) or (2)." In this case it is paragraph (2) as this is a claim under 29 U.S.C. § 633(a). Paragraphs (A) through (E) of paragraph 1 have to have been met and the defense also has the burden of proving that Victor Ziegler was "given a reasonable period of time within which to consider the settlement agreement."

29 U.S.C. § 626 (f)(1)(F)(i) requires that "the individual is given a period of at least 21 days within which to consider the agreement;" but that provision is not applicable in this case. However, the Settlement Agreement contains a 21 day consideration period and then waives the period. Likewise, the Settlement Agreement provides that for a period of at least 7 days following the execution of the agreement, the individual may revoke the agreement. That provision is not required by law but was nonetheless in the Settlement Agreement. Victor Ziegler did not elect to revoke the Settlement Agreement.

## DISCUSSION

For the first part of the analysis, was Victor Ziegler's waiver of ADEA rights knowing? Mr. Ziegler graduated from law school in 2004 and subsequently received a Master's of Law and recently became a member of the District of Columbia Bar. The record clearly demonstrates that Mr. Ziegler's waiver of ADEA rights was knowing. The ultimate Settlement Agreement was identical to the second proposed Settlement Agreement that Mr. Ziegler had rejected on July 30, 2008.

A first draft of the Settlement Agreement was sent to Mr. Ziegler on June 30, 2008, a second draft on July 21, 2008. (Exhibits 110 and 114).

Mr. Ziegler's detailed written responses demonstrated that he clearly read and understood the proposed Settlement Agreements and the issues involved (Exhibits 111, 113, and 115).

Each of the requirements of 29 U.S.C. § 626 (f)(1) have been met. The Settlement Agreement was written in such a manner that Mr. Ziegler could understand the Settlement Agreement. The waiver did specifically refer to waving claims arising under the ADEA. The Settlement Agreement did not waive rights or claims that may arise after the date the waiver contained in the Settlement Agreement was executed (paragraph 16, Exhibit 101). Consideration was

3

clearly provided to Mr. Ziegler in the Settlement Agreement. Consideration consisted of waiver of the remaining unpaid costs of $1,330.90 in the October 15, 2008 Stipulation for Dismissal with prejudice of *Ziegler v. Kempthorne, et al.*, Civ. 04-4098 before this Court and separately the approximately $200,000 in benefits paid to Mr. Ziegler even though he would not have otherwise qualified for those benefits without winning his claims which had never been adjudicated. Some of the claims listed in the Settlement Agreement had already been disposed of prior to the Settlement Agreement. Finally, Mr. Ziegler was advised in writing to consult with an attorney prior to executing the Settlement Agreement.

Each of those minimum requirements of 29 U.S.C. § 626(f)(1)(A) through (E) have been met by the government.

What of the 21 day consideration period provided for in the Settlement Agreement and then waived in the same agreement? A mere recitation of waiver of ADEA rights will not suffice, but the Court finds that Mr. Ziegler understood and knowingly agreed to waiving the 21 day consideration period.

The requirement that the waiver be "knowing and voluntary" pursuant to paragraph (2) of 29 U.S.C. § 626(f) does not use the words as having synonymous meaning. This Court has concluded that the waiver of ADEA rights was knowing, but was the waiver voluntary? At trial Mr. Ziegler testified to his heart condition troubling him at the 2008 hearing so he had to take nitroglycerine pills. Mr. Ziegler also testified that he left his "meds" in his pickup and that the judge had him sit and the judge was going to call an ambulance. Mr. Ziegler testified that it took "me half an hour to 45 minutes to straighten out." He also testified that the judge said "Anytime during the hearing if you feel you need to go, go." (R. 94) Administrative Judge for U.S. Merit System Protection Board Stephen Mish heard the October 15, 2008 proceeding but was not called as a witness. No medical evidence was introduced in the 2008 hearing nor in the present case. A March 1999 same day surgery discharge was offered without explanation and not received into evidence in the present case. The record of the 2008 hearing shows that the hearing commenced and proceeded at 9:05 A.M. without delay and after at least a lunch recess, adjourned at 3:33 P.M. before the defense began any presentation of evidence.

The record of the 2008 hearing does not show any similar statements by Judge Mish but those

are the sorts of thing that, if said, could well be said off of the record. Attorney Sharon Pudwill was called by the defense. Ms. Pudwill was the government's lawyer at the 2008 hearing. She was aware that Mr. Ziegler had a heart condition. She could not recall Judge Mish potentially calling an ambulance. The Court finds both Ms. Pudwill and Mr. Ziegler to be credible witnesses although Mr. Ziegler does have a personal stake in the outcome of this case. The Court concludes from the record that Mr. Ziegler was under a good deal of stress at the 2008 hearing but despite that stress it was a voluntary decision by Mr. Ziegler to accept the offer he had rejected on July 30, 2008. The defense has met its burden of showing that Mr. Ziegler's waiver of ADEA rights was both a knowing as well as a voluntary waiver under parts (A) through (E) of § 626 (f)(1).

This inquiry does not end there. § 626(f)(2) provides that even if subparagraphs (A) through (E) have been met, the party asserting the validity of the waiver must also prove that Mr. Ziegler was given a reasonable period of time within which to consider the Settlement Agreement. The Settlement Agreement states that Ziegler "has had sufficient time to consider the terms and conditions;...." The requirement for a reasonable period of time within which to consider the Settlement Agreement is not met solely by a recitation of sufficient time in the Settlement Agreement itself. However, that same language was also in the proposed Settlement Agreements sent to Mr. Ziegler on June 30, 2008 and July 21, 2008 and Mr. Ziegler had closely examined both of those proposed Settlement Agreements. Paragraph 18 of the Settlement Agreement as well as Paragraph 18 of the two previous proposed Settlement Agreements goes on to state: "18. By signing this Settlement Agreement, Appellant acknowledges that the negotiating process for this Settlement Agreement has already taken more than 21 days. Appellant acknowledges that (a) he fully participated in the negotiations leading up to this Settlement Agreement, (b) he consulted with OPM about retirement benefits and the IRS about the tax implications of this Settlement Agreement as urged by Agency Counsel, (c) he has sought the assistance of counsel as encouraged to do so by Agency Counsel, (d) he had at least 21 days from the time he received this Settlement Agreement to read and consider it; and (e) he is not suffering from any medical or mental condition or other ailment that impairs or limits his ability to fully understand the terms of this Settlement Agreement and to knowingly and voluntarily waive his rights in exchange for the terms set forth herein." The government argues that in addition to agreeing to that language, Mr. Ziegler had from June 30, 2008

on and surely from July 21, 2008 when he received the second settlement proposal, to consider the Settlement Agreement, the second proposal being identical to the Settlement Agreement entered into on October 15, 2008 except for adjusting the 7 day revocation period dates. It is one thing for a settlement agreement to have form recitals of sufficient time to consider the settlement agreement, but a settlement agreement goes much further to meeting a burden of proof where, as here, the settlement agreement goes on to specify what was done that supports the time period waiver. Mr. Ziegler rejected the second proposed Settlement Agreement on July 30, 2008. He accepted that same Settlement Agreement after the close of his evidence presentation on October 15, 2008.

The Court finds that Mr. Ziegler knowingly and voluntarily changed his mind at the October 15, 2008 hearing and accepted the terms and conditions of the Settlement Agreement that had previously been offered to him on July 21, 2008. Given the entire course of events, Mr. Ziegler was given a reasonable period of time within which to consider the Settlement Agreement. Even after entering into the Settlement Agreement, Mr. Ziegler did not revoke the Settlement Agreement within the following 7 days. The defense has met its burden and has proven that the ADEA waiver claim was obtained in compliance with the applicable provisions of 29 U.S.C. § 626(f).

The Settlement Agreement is valid and binding. Plaintiff's claims are dismissed with prejudice. Accordingly,

> IT IS HEREBY ORDERED that upon trial after remand, the Court finds that Victor R. Ziegler, Sr.'s Age Discrimination in Employment Act waiver in the October 15, 2008 Settlement Agreement was obtained in compliance with 29 U.S.C. § 626(f) and Plaintiff's claims are dismissed with prejudice.

Dated this 21st day of April, 2015.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
Deputy

6